UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Ahoka Isaac Lokombe

    v.                                    Civil No. 1:26-cv-00053-JL-AJ

David Wesling, et al.

**ORDER ON PETITIONER'S MOTION TO RECONISDER**

    Immigration detainee Ahoka Isaac Lokombe has filed a motion seeking reconsideration of the court's February 10, 2026 order granting his petition for writ of habeas corpus and directing Respondents to provide him with a bond hearing before an Immigration Judge.  He challenges the propriety of a new bond as the ordered relief, arguing that the proper remedy was "immediate release" on the terms of a bond order that was stayed by the Department of Homeland Security and subsequently vacated by the Board of Immigration Appeals.  Because Lokombe has not established that the court erred in failing to vacate the BIA ruling or entitled to more process than that ordinarily afforded to a petitioner held under 8 U.S.C. § 1226, the motion to reconsider is denied.

**I.**    **Procedural background**

    ICE took Lokombe into custody by ICE in June 2025 and detains him at the Strafford County Department of Corrections.[1]  On August 14, 2025, an Immigration Judge held a custody redetermination and granted Lokombe bond in the amount of $7,500.[2]  The same day, DHS filed a Notice of Intent to Appeal Custody Redetermination, which automatically stayed the immigration judge's custody decision for 90 days under 8 C.F.R. § 1003.19(i)(2) while DHS appealed the Immigration Judge's decision to the BIA.[3]  On December 2, 2025, the BIA sustained DHS's appeal and vacated the Immigration Judge's decision granting bond under *Matter of Yajure Hurtado, 29 I&N Dec. 216 (BIA 2025).*[4]  On December 22, 2025, ICE ordered Lokombe removed.[5]

    Lokombe then filed a petition for writ of habeas corpus asserting that his continued detention beyond the lapse of the 90-day stay period (November 25, 2025) violates the Due Process Clause of the Fifth Amendment.[6]  The Respondents opposed the petition but conceded that Lokombe was "likely eligible for relief" under *Loja v. FCI*

---

[1] Pet. for Writ of Habeas Corpus ("Pet.") (doc. no. 1) ¶¶ 3, 34.
[2] *Id.* ¶ 28.
[3] *Id.* ¶ 29.
[4] Dec. 2, 2025 BIA Order (doc. no. 6-1).
[5] Dec. 22, 2025 Order of the Immigration Judge (doc. no. 1-9).
[6] *See generally* Pet. (doc. no. 1).

*Berlin*, 808 F.Supp.3d 277 (D.N.H. 2025).[7] Based on that concession, this court ordered the same relief the petitioner received in that case: a bond hearing before an Immigration Judge as soon as practicable.[8] The Immigration Judge held the court-ordered bond hearing, which resulted in a bond denial based on the Immigration Judge's finding that Lokombe poses a flight risk.[9] Denied bond, Lokombe asks the court to reconsider its order granting him habeas relief in the form of a new bond hearing before an Immigration Judge.

## II.    Analysis

A party may seek to alter or amend a judgment under Federal Rule of Civil Procedure 59(e). Rule 59(e) relief is granted sparingly, and only when "the original judgment evidenced a manifest error of law, if there is newly discovered evidence, or in certain other narrow situations." *Global Naps, Inc. v. Verizon New England, Inc.,* 489 F.3d 13, 25 (1st Cir. 2007); *see also* L.R. 7.2(d) (motion to reconsider). Here, Lokombe asserts that the court erred in ordering a new bond hearing as habeas relief because the legal remedy for a petitioner in Lokombe's position—"held by an automatic stay despite a grant of bond, continuously held despite the automatic stay expiring, and then held due to an appeal vacating his bond based on now vacated case law"—is "enforcement of the original bond order."[10]

The court is not persuaded. Even assuming that aspects of his earlier detention were unlawful, he has not shown that the court committed any legal error in granting a new bond hearing rather than ordering his immediate release. Habeas corpus determines whether a prisoner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. At the time Lokombe filed his petition, his continued custody rested on the Respondents' assessment that he was subject to mandatory detention without the possibility of release under 8 U.S.C. § 1225(b)(2) notwithstanding that "[c]ourts considering factually similar cases have found that aliens without criminal convictions, who are already in the country, have been taken into custody under 8 U.S.C. § 1226, are specifically described in charging documents as 'alien[s] present in the United States who ha[ve] not been admitted or paroled,' and are in removal proceedings, are detained under 8 U.S.C. § 1226." *Loja*, 808 F.Supp.3d at 230 (collecting cases). In such circumstances, the appropriate remedy is typically a constitutionally adequate bond

---

[7] Response to Pet. (doc. no. 6) at 1.

[8] Summary Order for Bond Hearing (doc. no. 9).

[9] Feb. 17, 2026 Order of the Immigration Judge (doc. no. 10-1).

[10] Mot. for Reconsideration (doc. no. 12) at 2. Lokombe's argument references the district court's order vacating *Matter of Yajure Hurtado* in *Maldonado Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, 2026 WL 468284, (C.D. Cal. Feb. 18, 2026). The court notes that the Ninth Circuit has since granted an administrative stay in *Maldonado Bautista*, under which that order vacating *Matter of Yajure Hurtado* "is temporarily stayed pending a ruling on the government's emergency motion for a stay pending appeal." *See In Re: Lazaro Maldonado Bautista*, No. 26-1044 (9th Cir. Mar. 6, 2026).

hearing, which is precisely the relief the court ordered. *See id.* Lokombe cites no authority for his contention that the court was permitted—let alone required—to resurrect a vacated bond order and order immediate release under its terms instead. Because Lokombe has not demonstrated that the court's order reflects a manifest error of law or fact, reconsideration is unwarranted.

### III. Conclusion

For all the reasons stated above, the court denies Lokombe's motion for reconsideration.[11] The Clerk shall close the case.

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Dated: March 16, 2026

cc: Counsel of Record

---

[11] Doc. no. 12.

3